UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CAUSE NO.  4:09-mj-00011-MGN |
| : | |
| MARK ARMSTRONG : | |
| : | |

### GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER
### UNDER 18 U.S.C. § 3509(d)

Plaintiff United States of America hereby moves for an order stating that the privacy protection measures mandated by 18 U.S.C. § 3509(d) when a case involves a person under the age of eighteen years who is alleged to be a victim of a crime of sexual exploitation, or a witness to a crime committed against another person, apply to this case. Defendant MARK ARMSTRONG (the "defendant") is  charged by Complaint with two  counts of Sexual Exploitation of Minors, pursuant to 18 U.S.C. §2251(a). In order to protect the privacy and reputation of the minors and witnesses involved, the Government moves that the parties maintain the confidentiality of documents identifying those minors and witnesses

### LEGAL AUTHORITY

Because minors are involved, the privacy protection measures required by the Child Victims' and Child Witnesses' Rights Act (the "Act"), 18 U.S.C. § 3509, apply to this case.[1] The Act requires that certain measures be taken to protect the minors' privacy.  Specifically, it

---

[1] The Act defines a "child" as "a person who is under the age of 18, who is or is alleged to be ... a victim of a crime of physical abuse, sexual abuse, or exploitation ... or a witness to a crime committed against another person."  18 U.S.C. § 3509(a)(2).  The Act defines a crime of "exploitation" to include "child prostitution."  18 U.S.C. § 3509(a)(6).

provides as follows:

(1) Confidentiality of information –

(A) A person acting in a capacity described in subparagraph (B) in connection with a criminal proceeding shall –

(I) keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access; and

(ii) disclose documents described in clause (I) or the information in them that concerns a child only to persons who, by reason of their participation in the proceeding, have reason to know such information.

(B) Subparagraph (A) applies to –

(I) all employees of the Government connected with the case, including employees of the Department of Justice, any law enforcement agency involved in the case, and any person hired by the Government to provide assistance in the proceeding;

(ii) employees of the court;

(iii) the defendant and employees of the defendant, including the attorney for the defendant and persons hired by the defendant or the attorney for the defendant to provide assistance in the proceeding; and

(iv) members of the jury.

(2) Filing under seal. – All papers to be filed in court that disclose the name of or any other information concerning a child shall be filed under seal without necessity of obtaining a court order.  The person who makes the filing shall submit to the clerk of the court –

(A) the complete paper to be kept under seal; and

(B) the paper with the portions of it that disclose the name of or other information concerning a child redacted, to be placed in the public record.

18 U.S.C. §§ 3509(d)(1) and (2).

A knowing violation of section 3509 is a criminal contempt.  Title 18, United States Code, § 403 provides:

> A knowing or intentional violation of the privacy protection accorded by section 3509 of this title is a criminal contempt punishable by not more than one year's imprisonment, or a fine under this title, or both.

18 U.S.C. § 403.

Pursuant to 18 U.S.C § 3509(d), the Government hereby requests that the court issue an order requiring all persons described in 18 U.S.C. § 3509(d)(1)(B) to comply with 18 U.S.C. § 3509(d)(1)(A) and 3509(d)(2).

There are no alternatives that would adequately protect the well-being and the privacy of the minors involved in this case. The Government is prepared, upon the Court's decision of this motion, to provide defendant with all information concerning the minor child victims and witnesses in this case. Defendant will thus have the opportunity to conduct appropriate investigation.

## II.  Conclusion

Given the compelling interest in protecting the welfare and privacy of the minors involved in this case, the Government respectfully requests that the Court grant the requested relief.

Respectfully submitted,

TIMOTHY M. MORRISON
United States Attorney

By:   /s/ A. Brant Cook
      A. Brant Cook
      Assistant United States Attorney
      Office of the United States Attorney
      10 W. Market St., Suite 2100
      Indianapolis, Indiana 46204-3048
      Telephone: (317) 226-6333
      Fax: (317) 226-6125
      E-mail: Brant.Cook@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2009, a copy of the foregoing Government's Motion for a Protective Order under 18 U.S.C. § 3509(d) was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    Frank Campisano
    Campisano Law Office
    frank@campisanolawoffice.com

                                              By:    /s/ A. Brant Cook
                                                      A. Brant Cook
                                                      Assistant United States Attorney
                                                      Office of the United States Attorney
                                                      10 W. Market St., Suite 2100
                                                      Indianapolis, Indiana 46204-3048
                                                      Telephone: (317) 226-6333
                                                      Fax: (317) 226-6125
                                                      E-mail: Brant.Cook@usdoj.gov