FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
09 JUN 30 PM 4:17
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:09-CR-12-DFH-MGN |
| | ) | |
| MARK ARMSTRONG, | ) | |
| | ) | |
| Defendant. | ) | |

**PLEA AGREEMENT UNDER RULE 11(c)(1)(B)**

The United States of America, by counsel, Timothy M. Morrison, United States Attorney for the Southern District of Indiana, A. Brant Cook, Assistant United States Attorney, and the Defendant, MARK ARMSTRONG, in person and by counsel, Frank Campisano, hereby inform the Court that a Plea Agreement has been reached in the above-captioned causes pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The following are its terms and conditions:

1. **Plea of Guilty to the Information**: The Defendant agrees to plead guilty to Counts 1, 2 and 3 of the Information. Counts 1, 2 and 3 each charge that the Defendant produced child pornography in violation of 18 U.S.C. § 2251(a) (Sexual Exploitation of Children).

A. **Potential Maximum Penalty**: Counts 1, 2 and 3 of the Information may each be punished by a term of imprisonment of between fifteen (15) years and thirty (30) years, a fine of up to $250,000, and a term of supervised release following any term of imprisonment for up to the life of the Defendant.

B. **Elements**:

To sustain the offenses charged in Counts 1, 2 and 3 of the Information the government must prove the following propositions beyond a reasonable doubt for each count: (1) the Defendant employed, used, persuaded, induced, enticed, or coerced a minor; (2) to engage in sexually explicit conduct, as such conduct is defined in Title 18, United States Code, Section 2256(2); (3) for the purpose of producing any visual depiction of such conduct; and (4) knowing or having reasons to know that such visual depictions (i) will be transported in interstate or foreign commerce or mailed, (ii) were produced using materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means, including a computer, or (iii) were actually transported in interstate or foreign commerce or mailed.

**GENERAL PROVISIONS**

2. The Defendant acknowledges that this plea agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of his sentence is within the discretion of the Court. He understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, then he will not be permitted to withdraw his plea of guilty for that reason and will be bound by his plea of guilty.

3. The Defendant agrees and understands that the Court will use its discretion to fashion a sentence within the statutory ranges set forth above. He agrees and understands that the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within these statutory ranges. He agrees and understands that the Court will also

consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines"or"USSG") in determining the appropriate sentence within these statutory ranges. He agrees and understands that the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature. He agrees and understands that the final determination of the sentence, including the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court. The Defendant understands that the Court may run the sentences on each of the three counts consecutive to one another. The Defendant understands that this plea agreement is based upon the information presently known to the United States Attorney for the Southern District of Indiana.

## SPECIFIC PROVISIONS

4. **Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B)**:

A The government will present evidence and argument in support of a sentence of a definite term of years that is consistent with and within the advisory guideline range. The Defendant is free to ask for any sentence.

B. The government will ask that the Court order the term of supervised release to last for the remainder of the Defendant's life. However, the Defendant may ask for a shorter term.

5. **Special Conditions of Supervised Release:** The parties jointly recommend that the Court should impose the Special Conditions of supervised release listed below, in addition to any other Standard and Special Conditions which the Court deems appropriate in this case. The

parties understand and agree that this recommended Special Condition is not binding upon the Court if it accepts this Guilty Plea Agreement, and that the Court may determine which Standard and Special Conditions to apply in this case.

A. The Defendant shall not possess any obscenity, pornography, erotica, or nude images. Any such material found in the Defendant's possession shall be considered contraband and may be confiscated by the probation officer.

B. The Defendant shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer.

C. The Defendant shall not have any unsupervised contact with any minor child, unless the contact has been disclosed to and approved by the probation officer. In determining whether to approve such contacts involving members of the Defendant's family, the probation officer shall determine if the Defendant has notified the persons having custody of any such minors about his conviction in this case and the fact that he is under supervision. If this notification has been made, and if the person having custody consents to the contact, then this condition is not intended to prevent approval of the contact.

D. The Defendant shall register as a sex offender for life with the appropriate authorities of any state in which he resides, is employed, or attends school.

E. The Defendant shall submit to the search by the probation officer of his person,

vehicle, office/business, residence, and property, including any computer systems and its peripheral devices with the assistance of other law enforcement as necessary. The Defendant shall submit to the seizure of contraband found by the probation officer. The Defendant shall warn other occupants the premises may be subject to searches.

F. The Defendant shall provide a DNA sample as directed by the probation officer.

G. The Defendant shall consent, at the direction of the probation officer, to having installed on his computer(s) and any hardware or software, systems to monitor his computer use. Monitoring will occur on a random and/or regular basis. The Defendant will warn other occupants of the existence of the monitoring software placed on his computer(s).

6. **Fine:** Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a fine in this case and the amount of any such fine.

7. **Restitution:** The parties understand that federal law requires mandatory restitution for the offense charged in the Indictment. The parties reserve the right to present evidence and arguments concerning the amount and payment terms of this restitution.

8. **Special Assessment:** The Defendant agrees to remit to the Court at the time of sentencing or as directed by the Court a certified check or money order in the amount of $300, payable to Clerk, United States District Court, which amount represents the mandatory special assessment that must be imposed by the Court and paid by all federal defendants pursuant to Title 18, United States Code, Section 3013.

9. **Waiver of Appeal:** The Defendant understands that he has a statutory right to

appeal the guilty plea, conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the United States in this Plea Agreement, he agrees that in the event the Court accepts this Guilty Plea Agreement and sentences him to a term of imprisonment between fifteen (15) and ninety (90) years, regardless of how the sentence is calculated by the Court, then he expressly waives his right to appeal his guilty plea, the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by Title 18, United States Code, Section 3742. Additionally, he also expressly agrees not to contest his guilty plea, conviction, or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, an action brought under Title 28, United States Code, Section 2255. This waiver of appeal specifically includes all provisions of the sentence imposed in this case, including the guilty plea, the terms of the supervised release, and the amount of any restitution, fine or forfeiture.

10.   **Forfeiture:** The Defendant hereby abandons all right, title and interest in all property seized by authorities during the searches of his residence, including but not necessarily limited to computer equipment, cameras, cell phones, computer storage media, monitors, and computer files, so that proper disposition may be made thereof by federal, state, or local law enforcement agencies involved in the investigation of the Defendant's criminal activity. The Defendant acknowledges that all of the seized property was used or intended to be used in the possession of child pornography and is therefore subject to forfeiture pursuant to Title 18, United States Code, Section 2253 and/or 2254. He further agrees not to contest any forfeiture action brought against the seized property, whether the action is administrative or judicial, civil or criminal, and agrees not to contest any use or destruction of the property by any federal, state or

local law enforcement agency.

**SENTENCING GUIDELINES STIPULATIONS**

11. Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below. The parties understand and agree that these Stipulations are binding on the parties, but are only a recommendation to the Court and that the Court will determine the sentencing guidelines applicable in this case. The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court.

**Count 1 (Sexual Exploitation of Children - John Doe 1)**

12. The parties stipulate that U.S.S.G. § 2G2.1 covers violations of Title 18, United States Code, Section 2251(a).

A. The base offense level for this offense is level 32. U.S.S.G. § 2G2.1(a).

B. U.S.S.G. § 2G2.1(b)(1) applies to this offense because the material involved a minor who had not attained the age of 12 years. This results in a further four (4) level increase in the offense level.

C. U.S.S.G. § 2G2.1(b)(2) applies to this offense because the offense involved the commission of a sexual act or sexual contact. This results in a further two (2) level increase in the offense level.

D. U.S.S.G. § 2G2.1(b)(5) applies to this offense because the Defendant was a parent of the minor involved in the offense. This results in a further two (2) level

        increase in the offense level.

E. The offense level for Count 1 of the Information is 40.

**Count 2 (Sexual Exploitation of Children - John Doe 1)**

13. The parties stipulate that U.S.S.G. § 2G2.1 covers violations of Title 18, United States Code, Section 2251(a).

A. The base offense level for this offense is level 32. U.S.S.G. § 2G2.1(a).

B. U.S.S.G. § 2G2.1(b)(1) applies to this offense because the material involved a minor who had not attained the age of 12 years. This results in a further four (4) level increase in the offense level.

C. U.S.S.G. § 2G2.1(b)(2) applies to this offense because the offense involved the commission of a sexual act or sexual contact. This results in a further two (2) level increase in the offense level.

D. U.S.S.G. § 2G2.1(b)(3) applies to this offense because the offense involved distribution of the material. This results in a further two (2) level increase in the offense level.

E. U.S.S.G. § 2G2.1(b)(5) applies to this offense because the Defendant was a parent of the minor involved in the offense. This results in a further two (2) level increase in the offense level.

F. The offense level for Count 2 of the Information is 42.

**Count 3 (Sexual Exploitation of Children - John Doe 2)**

14. The parties stipulate that U.S.S.G. § 2G2.1 covers violations of Title 18, United States Code, Section 2251(a).

A. The base offense level for this offense is level 32. U.S.S.G. § 2G2.1(a).

B. U.S.S.G. § 2G2.1(b)(1) applies to this offense because the material involved a minor who had not attained the age of 12 years. This results in a further four (4) level increase in the offense level.

C. U.S.S.G. § 2G2.1(b)(2) applies to this offense because the offense involved the commission of a sexual act or sexual contact. This results in a further two (2) level increase in the offense level.

D. U.S.S.G. § 2G2.1(b)(5) applies to this offense because the Defendant was a parent of the minor involved in the offense. This results in a further two (2) level increase in the offense level.

E. The offense level for Count 3 of the Information is 40.

**Total Offense Level**

15. The parties stipulate that Counts 1, 2 and 3 of the Information are not to be grouped together pursuant to U.S.S.G. § 3D1.2(d).

16. The combined offense level for Counts 1, 2 and 3 is, therefore, 45 because three (3) levels are added to the highest offense level of 42 pursuant to U.S.S.G. § 3D1.4.

17. The parties stipulate that five (5) levels will be added to the combined offense level pursuant to U.S.S.G. § 4B1.5 (Repeat and Dangerous Sex Offender) because the Defendant

engaged in a pattern of activity involving prohibited sexual conduct per U.S.S.G. § 4B1.5(b).

18. The total offense level is, therefore, **50**.

**Acceptance of Responsibility**

19. The government recognizes that the Defendant has agreed to admit his involvement in the criminal offenses charged in the Information. Because he timely agreed to plead guilty, the government hereby notifies the Court that it has not had to prepare the matter for trial. If this Court finds that the Defendant has continued to demonstrate a recognition and affirmative acceptance of personal responsibility for his criminal conduct through the remaining phases of this case, including meetings with the United States Probation Office, the change of plea hearing, and the sentencing hearing, then the government agrees that he is entitled to a three (3) level reduction in the offense level, pursuant to U.S.S.G. § 3E1.1(a) and (b).

**FINAL PROVISION**

20. The Defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce him to plead guilty. This document is the complete and only plea agreement between the Defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to this agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

TIMOTHY M. MORRISON
United States Attorney

6/30/09
DATE

A. Brant Cook
Assistant United States Attorney

6/30/09
DATE

Christina McKee
First Assistant United States Attorney

6-25-09
DATE

MARK ARMSTRONG
Defendant

6/25/09
DATE

Frank Campisano
Attorney for Defendant

## STATEMENT OF THE DEFENDANT

I have read the entire Plea Agreement and discussed it with my attorney.

I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

I am fully satisfied with my attorney's representation during all phases of this case.

I am freely and voluntarily pleading guilty in this case.

I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea(s).

My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within 10 days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

Finally, my attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation officer, then the Court may increase my sentence.

6-25-09
DATE

MARK ARMSTRONG
Defendant